IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES ANISON ROGERS, JR., | § | |
| VS. | § | CIVIL ACTION NO. 5:10-CV-150 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Charles Anison Rogers, Jr., an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied on the merits.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a de novo review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The majority of petitioner's "objections" are simply reassertions of the same arguments addressed by the Report and Recommendation of the United States Magistrate Judge. Petitioner fails to cite to any new authority that would prompt reconsideration of these arguments.

However, to the extent petitioner now argues the Magistrate Judge improperly relied on a "newly created" Supreme Court case that cannot be retroactively applied to petitioner's claim that his counsel was ineffective in failing to challenge the search warrant as in violation of the "knock and announce" rule, this claim lacks merit. The Magistrate Judge correctly concluded that officers are not required to knock and announce their presence before entry when a

magistrate judge has authorized a no knock entry. The Magistrate Judge cited to *United States v. Banks*, a Supreme Court case decided in 2003, three years before petitioner's conviction in 2006. Furthermore, in that opinion, the Supreme Court cited to precedent established in 1997 in the opinion of *Richards v. Wisconsin*, years before petitioner conviction. *Banks*, 540 U.S. 31, 36, 124 S.Ct. 521, 525, 157 L.Ed.2d 343 (2003) (citing , *Richards*, 520 U.S. 385, 394-96, 117 S.Ct. 1416, 1418, 137 L.Ed.2d 615 (1997)). The exception to the "knock and announce" rule was well settled before petitioner's conviction.

Petitioner also now appears to assert that the prosecution failed to disclosed James Wayne Fountain as a potential witness and somehow committed a *Brady* violation. In addition, he now claims the trial court failed to provide an instruction on the law of parties. Petitioner, however, did not present these claims in his state habeas petition or on appeal and these claims, therefore, are unexhausted and procedurally barred. *Meanes v. Johnson*, 138 F.3d 1007, 1010 (5th Cir. 1998).

## ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues

in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**It is SO ORDERED.**

**SIGNED this 10th day of September, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE